**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**


HABIB A. ALI,

        Petitioner,

v.                               **CIVIL ACTION NO. 5:08cv179**
                                        **(Judge Stamp)**

TERESA WAID, Warden,

        Respondent.

**REPORT AND RECOMMENDATION**
**28 U.S.C. § 2241**

**I.  Procedural History**


On December 4, 2008, Habib Ali [hereinafter referred to as "petitioner"], a state prisoner, initiated this case by filing a *pro se* Petition for Writ of Habeas Corpus and paid the $5.00 filing fee.  On December 12, 2008, the undersigned made a preliminary review of the file and determined that summary dismissal was not warranted.  Consequently, the respondent was directed to respond to the petition and did so on December 26, 2008.  On January 26, 2009, the petitioner filed a reply.

This matter, which  is before the undersigned  for a  Report and Recommendation pursuant to LR PL P 83.09, is ripe for review.

**II.  Material Facts**

The petitioner is serving an indeterminate 1-5 year sentence for failing to register as a sex offender. (Doc. 8-2, p. 2).  The petitioner's effective sentence date is September 26, 2007. (Id.)  In

August of 2008, while he was housed at the Martinsburg Correctional Center, he received 5 rule violations. Specifically, he was charged and punished as follows:

1. Mcc-08-322-H, Unauthorized Communication, found guilty and given 15 days lost privileges. (Doc. 8-3).

2. Mcc-08-324-H, Contraband, found guilty and given 30 days lost privileges with 15 suspended to 90 days probation. (Doc. 8-4).

3. Mcc-08-330-C, Trading and Selling, found guilty and given 15 days punitive segregation and 15 days loss of privileges. (Doc. 8-5).

4. Mcc-08-331-C, Unauthorized Communication, found guilty and given 15 days punitive segregation and 15 days loss of privileges. (Doc. 8-6).

(5) Mcc-08-332-C, Misuse of Telephone, found guilty and given 15 days punitive segregation and 15 days loss of privileges. (Doc. 8-7).

The petitioner alleges that he appealed his discipline to the warden and did not receive a response to his appeal. Accordingly, the petitioner tendered his appeal to the Commissioner. On November 12, 2008, the Commissioner affirmed the appeal and denied the grievance finding there was no reason to deviate from the decision of the Warden. (Doc. 1-2, p. 1).

### III. Issues Presented

**A. The Petition**

In his petition for habeas relief under 28 U.S.C. § 2241, the petitioner asserts the following:

1. The warden failed to comply with policy by not providing him with a response to his appeal.

2. The commissioner or his designee failed to remand his appeal to the warden.

3. The petitioner was denied a continuance to prepare a defense.

4. The magistrate denied the inmate's motion to consolidate; the finding of guilty was contrary to the weight of the evidence, and the punishment was too harsh in that he lost privileges and his parole eligibility was delayed.

**B.  Response to Petition**

The respondent argues that the petitioner should be dismissed because:

1. The petitioner failed to exhaust state judicial remedies before bringing this action in federal court.

2. The discipline imposed against the petitioner is not sufficient to invoke due process protection.

3. Although the petitioner's parole eligibility was impacted by the discipline imposed upon him, parole is a statutory creation and, as such, eligibility and criteria for parole is for the state to determine..

4. The petitioner has not suffered an atypical or significant hardship in relation to the ordinary incidents of prison life, and therefore, any defects in his proceedings do not arise to federally protected constitutional dimensions.

**C.  Petitioner's Reply**

In his reply, the petitioner makes no effort to address the specific grounds or case law raised by the respondent in support of his motion to dismiss. In addition, the petitioner makes no claim that he has exhausted his state judicial remedies. Following a short response, the petitioner simply argues that he may seek redress by way of a federal habeas petition due to the fact that he is invoking due process claims.

**1V.  Discussion**

3

1. **Failure to Exhaust State Judicial Remedies**

"[F]ederal law is clear-a state prisoner must exhaust available *state court remedies* as to each and every ground upon which he claims entitlement to habeas corpus relief whether suit is filed pursuant 28 U.S.C. § 2241 or § 2254(b). See Gray v. La. Dept. Of Public Safety & Corrections, 2006 WL 391830 (W.D. La., 2006) (emphasis in original); Dickerson v. Louisiana, 816 F.2d 220 (5th Cir. 1987) *cert. denied*, 484 U.S. 956 (1987); Rose v. Lundy, 455 U.S. 509 (1982). 28 U.S.C. §2254(b). The petitioner bears the burden of proving exhaustion. See Beard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998); Matthews v. Evatt, 105 F.3d 907. 911 (4th cir. 1997).

West Virginia Code §§ 53-4-1 and 53-4A-1, provide concurrent jurisdiction in both the state circuit courts and the Supreme Court of Appeals for all habeas corpus actions. A denial of a habeas corpus action by a Circuit Court may be appealed to the West Virginia Supreme Court of Appeals. In this case, a search of the records of the Supreme Court of Appeals under the name of Habib Ali produces no results. (Doc. 8-9, p.2) Accordingly, it is clear that the petitioner has not exhausted his state court remedies with respect the issues raised in this petition. Therefore, the petition must be dismissed.[1]

## VI. Recommendation

Based on the foregoing, it is recommended that the petition be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state judicial remedies.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court written objections identifying the portions of the

---

[1]Because this matter is due to be dismissed for failure to exhaust state judicial remedies, the undersigned has not addressed the respondent's alternative arguments for dismissal.

4

Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgement of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984)

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last know address as shown on the docket sheet. The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court. .

Dated: 4-3-09

DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE