IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

HABIB A. ALI,

        Petitioner,

v.                                      Civil Action No. 5:08CV179
                                                            (STAMP)
TERESA WAID, Warden,

        Respondent.


              **MEMORANDUM OPINION AND ORDER
              AFFIRMING AND ADOPTING REPORT AND
              RECOMMENDATION OF MAGISTRATE JUDGE**

                    I.  Procedural History

    On December 4, 2008, the petitioner, Habib A. Ali, appearing pro se,[1] filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Rule of Prisoner Litigation Procedure 83.09, et seq., this case was referred to United States Magistrate Judge David J. Joel for an initial review and for a report and recommendation on disposition of this matter.

    Magistrate Judge Joel entered an order directing the respondent to show cause why the writ should not be granted.  The respondent filed a combined response and motion to dismiss.  The petitioner filed a response in opposition to the motion to dismiss.

_____

    [1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer.  Black's Law Dictionary 1237 (7th ed. 1999).

On April 3, 2009, the magistrate judge entered a report recommending that the respondent's motion to dismiss be granted and that the petitioner's § 2241 petition be denied and dismissed with prejudice for failure to exhaust state judicial remedies. The magistrate judge also informed the parties that if they objected to any portion of this report, they must file written objections within ten days after being served with copies of his report. To date, no objections have been filed.

## II. Facts

This Court believes that a full recitation of the facts in this case is unnecessary here. Accordingly, this Court relies on the detailed recitation of facts provided in section I of Magistrate Judge Joel's report and recommendation. An abbreviated review of the relevant facts follows below.

The petitioner is currently serving a state sentence for failure to register as a sex offender as required by West Virginia law. In his petition, the petitioner alleges that state prison authorities violated his due process rights in their handling of allegations that the petitioner committed five rules infractions while he was incarcerated at the Martinsburg Correctional Center, in Martinsburg, West Virginia. As grounds for relief, the petitioner asserts the following: (1) that the warden failed to comply with policy by failing to provide a response to the petitioner's appeal of the disciplinary action imposed upon the

2

petitioner for the rules infractions; (2) that the commissioner or his designee improperly affirmed the appeal instead of remanding the case the warden; (3) that the petitioner was improperly denied a continuance to allow him time to prepare a defense; and (4) that the magistrate denied the inmate's motion to consolidate; the finding of guilt was contrary to the weight of evidence; and the imposition of lost privileges and the eligibility of parole constituted too harsh a punishment for the violations.

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner filed no objections, this Court reviews the report and recommendation of the magistrate judge for clear error.

## III. Discussion

The magistrate judge found that the petitioner's petition must dismissed without prejudice for failure to exhaust state judicial remedies. State prisoners are required to exhaust available state

court remedies regarding every ground claimed for relief under a habeas corpus petition, whether such petition is brought under 28 U.S.C. § 2254(b) or, as here, 28 U.S.C. § 2241.  See Dickerson v. Louisiana, 816 F.2d 220, 225 (5th Cir. 1987), cert. denied, 484 U.S. 956 (1987).  Although, unlike § 2254, the statutory language of § 2241 does not expressly require exhaustion of state judicial remedies, "a body of case law has developed holding that . . . federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner."  Id. at 225 (citing Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489-92 (1973); Ex parte Royall, 117 U.S. 241, 250-54 (1886); Brown v. Estelle, 530 F.2d 1280, 1283 (5th Cir. 1976); Atkins v. Michigan, 644 F.2d 543, 546 (6th Cir. 1981), cert denied, 452 U.S. 964 (1981); Neville v. Cavanaugh, 611 F.2d 673, 675 (7th Cir. 1979), cert. denied, 446 U.S. 908 (1980); Moore v. DeYoung, 515 F.2d 437 (3d Cir. 1975)).

Under West Virginia law, state circuit courts and the Supreme Court of Appeals have concurrent jurisdiction to consider all habeas corpus actions and that a denial by a circuit court may be appealed to the Supreme Court of Appeals.  Here, the magistrate judge determined that the petitioner has not initiated, let alone exhausted, a habeas action in state court.  Accordingly, the

magistrate judge concluded that the petitioner's petition before this Court must be dismissed without prejudice for failure to exhaust state judicial remedies. This Court finds no clear error in the magistrate judge's determination. Accordingly, the respondent's motion to dismiss must be granted, and the petitioner's § 2241 petition must be denied and dismissed without prejudice.

### III. Conclusion

After reviewing the matters before it for clear error and finding none, this Court concludes that the magistrate judge's recommendation is proper. The magistrate judge's report and recommendation is hereby AFFIRMED AND ADOPTED in its entirety. Accordingly, the respondent's motion to dismiss is GRANTED. The petitioner's § 2241 petition is DENIED and DISMISSED WITHOUT PREJUDICE. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Moreover, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action will result in a waiver of appellate rights. Thus, the petitioner's failure to object to the magistrate judge's proposed findings and recommendation bars the petitioner from appealing the judgment of this Court. See 18 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

5

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit copies of this order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:   June 29, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE